IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Robert Anthony Smith,<br><br>    Plaintiff,<br><br>v.<br><br>Alan Wilson, *Attorney General*;<br>Hobart Lewis, *Greenville Sheriff*; Leila Foster, *Magistrate*; Cindy Crick, *Solicitor/Ex Greenville lawyer*; State of South Carolina,<br><br>    Defendants. | Case No. 6:25-cv-12308-JDA<br><br>**<u>OPINION AND ORDER</u>** |

This matter is before the Court on Plaintiff's Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiff's motion to appoint counsel. [Docs. 1; 9; 13.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On September 5, 2025, the Clerk docketed Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983. [Doc. 1.] On September 10, 2025, the Magistrate Judge issued a Report recommending that the action be dismissed without issuance and service of process and without leave to amend. [Doc. 9.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 18.] The Clerk docketed objections from Plaintiff on September 24, 2025. [Doc. 11.] On September 25, 2025, the Clerk also docketed a motion to appoint counsel from Plaintiff. [Doc. 13.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

As an initial matter, the Report states that all named Defendants—except for Leila Foster—are subject to dismissal because Plaintiff makes no specific allegations against them in the body of the Complaint. [Doc. 9 at 6.] Moreover, Plaintiff fails to establish a claim for supervisory liability against Defendants Alan Wilson, Hobart Lewis, Cindy Crick, or the State of South Carolina. [*Id.* at 6–7]; *see also Shaw v. Stroud,* 13 F.3d 791, 799 (4th Cir. 1994) (reciting the elements of a claim for supervisory liability under § 1983).

Further, the Report states that all claims against Cindy Crick are subject to dismissal because prosecutors possess immunity for actions associated with criminal proceedings; all claims against the State of South Carolina are subject to dismissal because the State is not a "person" within the meaning of § 1983; all claims against Leila

2

Foster are subject to dismissal because judges possess immunity for judicial actions; and all claims against Morgan Shankle are subject to dismissal because public defenders are not state actors. [*Id.* at 8–10.] The Report also indicates that Plaintiff fails to state viable a claim for relief under § 1983. [*Id.* at 10–15.]

Finally, to the extent Plaintiff's claims are brought to challenge the charges pending against him or his present incarceration at the Greenville County Detention Center, the Report concludes that Plaintiff's claims are barred by the *Younger* abstention doctrine. [*Id.* at 15–17.]

In his objections, Plaintiff largely fails to engage the Magistrate Judge's analysis. [*See generally* Doc. 11.] To the extent Plaintiff brings specific objections to the Report, the Court overrules them. As an initial matter, Plaintiff alleges he was denied the right to a speedy trial. [Doc. 11 at 3.] However, Petitioner may present arguments that his speedy trial rights were violated as part of his defense in his ongoing criminal proceedings. [*See* Doc. 9 at 15–17]; Greenville County Thirteenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Greenville/PublicIndex/PISearch.aspx (search by case numbers 2024A2330200782 and 2024A2330200783) (last visited Dec. 9, 2025); *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." (internal quotation marks omitted)). Moreover, Plaintiff fails to meet the "heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Weitzel v. Div. of Occupational & Pro. Licensing,* 240 F.3d 871, 876 (10th Cir. 2001) (internal quotation marks omitted); [Doc. 11 at 5].

Plaintiff's objections to the Report regarding prosecutorial and judicial immunity are without merit: although Plaintiff states that "[prosecutors] do not have absolute immunity *outside* the judicial proceedings" and "[judges] aren't immune *outside* their [j]udicial actions" [Doc. 11 at 4 (emphases added)], Crick's and Foster's alleged actions fall squarely within their prosecutorial and judicial roles [*see* Doc. 9 at 8–9].  Finally, Plaintiff fails to address the Magistrate Judge's analysis regarding Shankle's absent state-actor designation.  [Docs. 9 at 9–10; 11 at 6.]

The Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.  [Doc. 9.]  Accordingly, this action is DISMISSED without issuance and service of process, without leave to amend, and without prejudice.  Plaintiff's motion to appoint counsel is FOUND AS MOOT. [Doc. 13.]

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

December 11, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.